UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANIBAL G. MALDONADO JOHNSON,

Plaintiff,

v.

CAUSE NO. 3:21-CV-269-JD-MGG

TIMOTHY HUNTER and JIM STRONG,

Defendants.

OPINION AND ORDER

Anibal G. Maldonado Johnson, a prisoner without a lawyer, filed a complaint. ECF 4. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Maldonado Johnson is detained at the Miami County Jail awaiting trial on criminal charges. He alleges that on November 4, 2020, a staff member, Jim Strong, received a letter that contained threats towards Maldonado Johnson but did not report the threats or take other action. Then, on November 7, 2020, the threats materialized, and Maldonado Johnson was attacked. He suffered chipped teeth, a lower lumbar

injury, a laceration above his right eye, and other injuries that required care at the hospital.

"[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Mulvania*, 850 F.3d at 856 (quoting *Bell*, 441 U.S. at 538–39). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendants "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendants' conduct was objectively unreasonable. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353–54 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-74 (2015); *see also Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019) (extending *Kingsley's* objective inquiry to all Fourteenth Amendment conditions-of-confinement claims brought by pretrial detainees).

In the Eighth Amendment context, a plaintiff bringing a failure-to-protect claim must allege that "(1) he is incarcerated under conditions posing a substantial risk of serious harm, and (2) defendant-officials acted with deliberate indifference to that risk." *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005) (quotation marks omitted). In adapting this to the Fourteenth Amendment context, the subjective deliberate-indifference standard is replaced by an objective unreasonableness standard. And therefore, a

2

plaintiff must allege that (1) a defendant's intentional, purposeful, or perhaps reckless act or omission placed plaintiff in substantial risk of serious harm, and (2) the act or omission was objectively unreasonable. The Seventh Circuit has equated "substantial risk" to "risks so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005). Reasonableness "must be determined in light of the totality of the circumstances." *Pulera v. Sarzant*, 966 F.3d 540, 550 (7th Cir. 2020). Here, Maldonado Johnson has plausibly alleged that Strong was aware of a credible threat and it was objectively unreasonable for him to do nothing. Maldonado Johnson may proceed on a failure to protect claim against Strong.

Maldonado Johnson also names as a defendant Timothy Hunter, the Miami County Sheriff. He alleges that Hunter must be held responsible for the acts of the jail staff but does not contend he was otherwise involved. A lawsuit against an individual under § 1983 requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). Defendants cannot be held liable simply because they oversee operations at the jail or supervise the jail staff. *See Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Therefore, Hunter must be dismissed.

For these reasons, the court:

(1) GRANTS Anibal G. Maldonado Johnson leave to proceed against Jim Strong in his individual capacity for compensatory and punitive damages for failing to protect Maldonado Johnson from an attack on November 7, 2020, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Timothy Hunter;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Jim Strong at the Miami County Jail, with a copy of this order and the complaint (ECF 4), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Miami County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Jim Strong to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 13, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT